UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| O'RELL WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-01155-AGF |
| | ) |
| ASCENSION MEDICAL GROUP- | ) |
| SOUTHEAST WISCONSIN INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action for severance benefits was removed from Wisconsin state court to the Eastern District of Wisconsin on November 30, 2022. On December 7, 2022, Defendant filed and served on Plaintiff a motion (ECF No. 6) to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or alternatively, to transfer pursuant to 28 U.S.C. § 1404(a). The Eastern District of Wisconsin entered an Order on September 14, 2023 (ECF No. 14) denying Defendant's motion to dismiss and granting Defendant's alternative motion to transfer. The case was transferred to this Court the same day, September 14, 2023.

On October 20, 2023, Defendant filed and served on Plaintiff a second motion to dismiss, this time for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. In the second motion, Defendant asserts that Plaintiff's claims, all filed under state law, should be dismissed because they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA") and because they otherwise fail to state a claim for relief. Because Plaintiff failed to timely respond to the second motion to

dismiss, the Court entered an Order to Show Cause directing Plaintiff to respond to the second motion to dismiss on or before November 30, 2023, and to show cause why this case should not be dismissed on the grounds asserted in that motion.

On November 20, 2023, Plaintiff filed an "Amended Complaint." ECF No. 23. Plaintiff has not sought leave to amend his complaint, and the record does not reflect Defendant's written consent to the amendment. Federal Rule of Civil Procedure 15(a)(1)(B) provides that a party may amend his pleading once as a matter of course either "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. Fed. R. Civ. P. 15(a)(2).

"[A] party is only entitled to a single 21-day period for amending as a matter of course." *Core & Main, LP v. McCabe*, No. 21-CV-1512 (WMW/DLM), 2023 WL 7017781, at *2 (D. Minn. Oct. 25, 2023) (citation omitted). And "[t]he *earliest* served responsive pleading or motion starts that single period running." *Id.* (quoting 3 *Moore's Federal Practice*, § 15.12[3] (Matthew Bender 3d ed.) (emphasis in original)).

As noted above, Defendant's earliest served responsive motion under Rule 12(b) was served on December 7, 2022, and the time for Plaintiff to amend as a matter of course under Rule 15(a)(1)(B) has thus long expired. Plaintiff may amend his complaint now only with Defendants' written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). Therefore, the Court will direct the Clerk of Court to re-docket Plaintiff's

amended complaint as Plaintiff's proposed amended complaint and will direct Plaintiff to file an appropriate motion for leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall re-docket ECF No. 23 as Plaintiff's proposed amended complaint.

**IT IS FURTHER ORDERED** Plaintiff shall promptly file a motion for leave to amend the complaint together with a marked draft of the proposed amended complaint that complies with Federal Rule of Civil Procedure 15 and Local Rule 4.07.

**IT IS FURTHER ORDERED** that any opposition to Plaintiff's motion for leave to amend shall be filed no later than 14 days after the motion is filed.

**IT IS FINALLY ORDERED** that the Court's prior Order to Show Cause (ECF No. 22) giving Plaintiff until **November 30, 2023**, to respond to the motion to dismiss (ECF No. 20) and to show cause why this case should not be dismissed, remains in effect unless and until Plaintiff is granted leave to amend his complaint such that Plaintiff's original complaint is superseded. Failure to comply with this Order may result in the dismissal of this case without further notice.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2023.

3